**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUX INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOSINEE PAPER CORPORATION, a Wisconsin corporation; WAUSAU PAPER CORP., a Wisconsin corporation,<br><br>Defendants. | STIPULATED PROTECTIVE ORDER<br><br>Case No. C-06-0531 PJH |
| AND RELATED COUNTERCLAIM | |

1.      PURPOSES AND LIMITATIONS

The parties stipulate that disclosure and discovery activity in this action will involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or attempting to settle this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order requires prior notice to the filing of Protected Material (defined herein); Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1      Party:  any party to this action, including all of its present or past officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2      Disclosure or Discovery Material:  all items or information, regardless of

the medium or manner generated, stored, or maintained (including, among other things,

testimony, transcripts, or tangible things) that are produced or generated in disclosures or

responses to discovery in this matter.

2.3    "Confidential" Information or Items:  information (regardless of how

generated, stored or maintained) or tangible things that qualify for protection under standards

developed under Fed. R. Civ. P. 26(c).

2.4    Receiving Party:  a Party that receives Disclosure or Discovery Material

from a Producing Party.

2.5    Producing Party:  a Party or non-party that produces Disclosure or

Discovery Material in this action.

2.6    Designating Party:  a Party or non-party that designates information or

items that it produces in disclosures or in responses to discovery as "Confidential."

2.7    Protected Material:  any Disclosure or Discovery Material that is

designated as "Confidential."

2.8    Outside Counsel:  attorneys who are not employees of a Party but who are

retained to represent or advise a Party in this action.

2.9    House Counsel:  attorneys who are employees of a Party.

2.10   Counsel (without qualifier):  Outside Counsel and House Counsel (as well

as their support staffs).

2.11   Expert:  a person with specialized knowledge or experience in a matter

pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

witness or as a consultant in this action and who is not a current employee of a competitor of a

Party and who, at the time of retention, is not anticipated to become an employee of a competitor

of a Party.  This definition includes a professional jury or trial consultant retained in connection

with this litigation.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulated Protective Order ("Order") cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions and other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top of each document.  For documents disclosed before execution of this Order, the parties agree that such documents may be designated

"CONFIDENTIAL" pursuant to the terms of this Order.

(b)      for testimony given in deposition or in other pretrial or trial proceedings,  that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted "CONFIDENTIAL."  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)      for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

5.2      Inadvertent Failures to Designate.  As a supplement to Section 5.1(a), if timely corrected, an inadvertent failure to designate qualified information or items as

"CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure

protection under this Order for such material.  If material is appropriately designated as

"CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely

notification of the designation, must make reasonable efforts to assure that the material is treated

in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's

confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

economic burdens, or a later significant disruption or delay of the litigation, a Party does not

waive its right to challenge a confidentiality designation by electing not to mount a challenge

promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a

Designating Party's confidentiality designation must do so in good faith and must begin the

process by conferring directly (in voice to voice dialogue; other forms of communication are not

sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must

explain the basis for its belief that the confidentiality designation was not proper and must give

the Designating Party an opportunity to review the designated material, to reconsider the

circumstances, and, if no change in designation is offered, to explain the basis for the chosen

designation.  A challenging Party may proceed to the next stage of the challenge process only if it

has engaged in this meet and confer process first.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a

confidentiality designation after considering the justification offered by the Designating Party

may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden to persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement And

Agreement To Be Bound" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement And Agreement To Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement And Agreement To Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement And Agreement To Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement And Agreement To Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the

subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment And Agreement To Be Bound" that is attached hereto as Exhibit A.

10.    FILING PROTECTED MATERIAL

A Party may not file in the public record in this action any Protected Material without first serving by First Class Mail and electronic mail upon the Designating Party a written notice of the intention to file Protected Material in the public record (a "Notice Of Intent To File").  The Notice Of Intent To File shall, with reasonable particularity, identify the Protected Material sought to be filed.  The Designating Party may then, upon receipt of the Notice Of Intent To File, file an

application with the Court to file under seal the Protected Material identified in the Notice Of Intent To File in accordance with Civil Local Rule 79-5 (a "Sealing Order").  If the Designating Party does not file a Sealing Order with the Court within seven (7) days of service of a Notice Of Intent To File, then the Designating Party shall be deemed to have waived any objection to the filing of the Protected Material described within said Notice Of Intent To File.  If the Designating Party files with the Court an application for a Sealing Order within seven (7) days of service of a Notice Of Intent To File, then the Protected Material identified in the Notice Of Intent To File may only be filed upon the Court's granting or denial of the Designating Party's application for a Sealing Order.

11.     FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within 30 days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, analyses, compilations, summaries or any other form of reproducing or capturing any of the Protected Material and expressly excludes material which qualifies as work product protected by the attorney work product privilege.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, analyses, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

memoranda, correspondence or attorney work product, even if such materials contain Protected Material for the purpose of keeping a legal file. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 above.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: June 29, 2006                    /S/ _____
                                        Robert B. Kaplan, Esq.
                                        Matthew S. Kenefick, Esq.
                                        Jeffer, Mangels, Butler, Marmaro, LLP
                                        Two Embarcadero Center, Fifth Floor
                                        San Francisco, CA  94111-3824
                                        Phone:  (415) 398-8080
                                        *Attorneys for Plaintiff Lux International Corporation*

Dated: June 29, 2006                    /S/ _____
                                        John F. Hughes
                                        Chung S. Poon
                                        Gordon & Rees LLP
                                        Embarcadero Center West
                                        275 Battery Street, Suite 2000
                                        San Francisco, CA 94111
                                        Phone:  (415) 986-5900
                                        *Attorneys for Counterdefendant Lux International Corporation*

///

{00104332.DOC/1}

- 10 -

STIPULATED PROTECTIVE ORDER                    C-06-0531 PJH

1   Dated: June 29, 2006           /S/_____

2                           James F. Harrington *(Admitted Pro Hac Vice)*
                           Wisconsin State Bar No. 1008432

3                           Mary Sue Anderson *(Admitted Pro Hac Vice)*
                           Wisconsin State Bar No. 1031377

4                           RUDER WARE, L.L.S.C.
                           500 Third Street, Suite 700

5                           P.O. Box 8050
                           Wausau, WI  54402-8050

6                           Phone:  (715) 845-4336

7                           *Attorneys for Defendants and Counterclaimants*
                           *Mosinee Paper Corporation and Defendants*

8                           *Wausau Paper Corp.*

9

10  Dated: June 29, 2006           /S/_____
                           Batya F. Swenson

11                         HANSON, BRIDGETT, MARCUS, VLAHOS &
                         RUDY, LLP

12                         425 Market Street, 26th Floor
                         San Francisco, CA  94105

13                        Phone:  (415) 777-3200

14                        *Attorneys for Defendants and Counterclaimants*
                         *Mosinee Paper Corporation and Defendants*

15                        *Wausau Paper Corp.*

16

        PURSUANT TO STIPULATION, IT IS SO ORDERED

17

18  Dated:_____   _____
        7/10/06

19                         Honorable Phyllis J. Hamilton
                         United States District Judge

20

21

22

23

24

25

26

27

28

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of _____

4

_____ [print or type full address], declare under penalty of perjury that I

5

have read in its entirety and understand the Stipulated Protective Order that was issued by the

6

United States District Court for the Northern District of California on _____ [date] in

7

8

the case of <u>Lux International Corporation v. Mosinee Paper Corporation, et al.</u>, Case No. C-06-

9

0531 PJH.  I agree to comply with and to be bound by all the terms of this Stipulated Protective

10

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

11

and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

12

manner any information or item that is subject to this Stipulated Protective Order to any person or

13

entity except in strict compliance with the provisions of this Order.

14

I further agree to submit to the jurisdiction of the United States District Court for the

15

16

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

17

Order, even if such enforcement proceedings occur after termination of this action.

18

19

Date:_____

20

City and State where sworn and signed:_____

21

Printed name:_____

22

Signature:_____

23

24

25

26

27

28

{00104332.DOC/1}